IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street S.W., Suite 800 ) <br> Washington, DC 20024, ) <br>   ) <br> *Plaintiff*, ) <br>   ) Civil Action No. <br> v. ) <br>   ) <br> INTERNAL REVIEW SERVICE, ) <br> 1111 Constitution Avenue, NW ) <br> Washington, DC 20224 ) <br>   ) <br> *Defendant*. ) <br> _____ ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Internal Revenue Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant Internal Revenue Service is an agency of the United States Government and is headquartered at 1111 Constitution Avenue, NW, Washington, DC 20224. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On January 22, 2025, Plaintiff submitted a FOIA request to Defendant via its online portal, seeking access to the following:

> 1. All emails sent or received by former Commissioner Daniel Werfel, Acting Commissioner Douglas O'Donnell, Chief Tax Compliance Officer Heather Maloy, Taxpayer Services Chief Ken Corbin, Large Business & International Division Commissioner Holly Paz, or Return Integrity and Compliance Services Director James Clifford containing any of the following terms:
>
> > "Trump"
> > "Pardon," "Pardons," or "Pardoned"
> > "Commutation" or "Commuted"
> > "January 6" or "1/6"
>
> Excluding any such emails that consist entirely of media reports or summaries.
>
> 2. All emails or other records of communication sent or received by any of the senior officials identified in part one of this request regarding the actual or proposed examination or audit of any return or other tax filing submitted by, or on behalf of, any of the individuals pardoned, or whose sentences were commuted, by the Presidential proclamation "Granting Pardons and Commutation of Sentences for Certain Offences Relating to the Events at or Near the United States Capitol on January 6, 2021." (https://www.whitehouse.gov/presidentialactions/ 2025/01/granting-pardons-and-commutation-of-sentences-for-certainoffenses- relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-22021/)
>
> The time frame for this request was identified as "December 1, 2024 to the present."

6. By letter dated February 14, 2025, Defendant acknowledged receiving Plaintiff's request on January 22, 2025 and advised Plaintiff that the request had been assigned Case

Number 2025-07574.  The letter also invoked FOIA's 10-day extension of time provision for "unusual circumstances."

7.      As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

8.      Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.      Defendant is in violation of FOIA.

10.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 6, 2025, at the latest.  Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  April 25, 2025　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　*/s/  Ramona R. Cotca*
　　　　　　　　　　　　　　　　　　Ramona R. Cotca
　　　　　　　　　　　　　　　　　　D.C. Bar No. 501159
　　　　　　　　　　　　　　　　　　JUDICIAL WATCH, INC.
　　　　　　　　　　　　　　　　　　425 Third Street SW, Suite 800
　　　　　　　　　　　　　　　　　　Washington, DC 20024
　　　　　　　　　　　　　　　　　　Tel:    (202) 646-5172
　　　　　　　　　　　　　　　　　　Fax:   (202) 646-5199
　　　　　　　　　　　　　　　　　　Email: rcotca@judicialwatch.org

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*