# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> INTERNAL REVENUE SERVICE, ) <br> ) <br> *Defendant*. ) <br> ) | Civil Action No. 1:25-cv-01290-JEB <br> Chief Judge James E. Boasberg |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant the Internal Revenue Service (the "*Service*") answers the allegations set forth in the complaint of Plaintiff Judicial Watch, Inc. ("*Plaintiff*") as follows. All allegations not specifically admitted are denied. *See* Fed. R. Civ. P. 8(b)(3). The headings contained herein are taken from the complaint.

### JURISDICTION AND VENUE

1. **Allegation**: The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

   **Response**: Admit.

2. **Allegation**: Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

   **Response**: Admit.

### PARTIES

3. **Allegation**: Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

**Response:** The Service lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.      **Allegation**: Defendant Internal Revenue Service is an agency of the United States Government and is headquartered at 1111 Constitution Avenue, NW, Washington, DC 20224. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

**Response**: The Service admits the first sentence of paragraph 4. The Service lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 4.

## STATEMENT OF FACTS

5.      **Allegation**: On January 22, 2025, Plaintiff submitted a FOIA request to Defendant via its online portal, seeking access to the following:

> 1. All emails sent or received by former Commissioner Daniel Werfel, Acting Commissioner Douglas O'Donnell, Chief Tax Compliance Officer Heather Maloy, Taxpayer Services Chief Ken Corbin, Large Business & International Division Commissioner Holly Paz, or Return Integrity and Compliance Services Director James Clifford containing any of the following terms:
>
>    "Trump"
>    "Pardon," "Pardons," or "Pardoned"
>    "Commutation" or "Commuted"
>    "January 6" or 1/6"
>
> Excluding any such emails that consist entirely of media reports or summaries.
>
> 2. All emails or other records of communication sent or received by any of the senior officials identified in part one of this

2

request regarding the actual or proposed examination of audit of any return or other tax filing submitted by, or on behalf of, any of the individuals pardoned, or whose sentences were commuted, by the Presidential proclamation "Granting Pardons and Commutation of Sentences for Certain Offences Relating to the Events at or Near the United States Capitol on January 6, 2021." (https://www.whitehouse.gov/presidentialactions/2025/01/granting-pardons-and-commutation-of-sentences-for-certainoffenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-22021/)

The timeframe for this request was identified as "December 1, 2024 to present."

**Response**: Admit.

6. **Allegation**: By letter dated February 14, 2025, Defendant acknowledged receiving Plaintiff's request on January 22, 2025 and advised Plaintiff that the request had been assigned Case Number 2025-07574. The letter also invoked FOIA's 10-day extension of time provision for "unusual circumstances."

**Response**: Admit.

7. **Allegation**: As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

**Response**: The Service denies the allegations in subparts (i), (ii), and (iii) of paragraph 7. The Service admits the allegations in subpart (iv) of paragraph 7.

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. **Allegation**: Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

**Response**: The Service incorporates the answers set forth above as if fully set forth herein.

9.  **Allegation**: Defendant is in violation of FOIA.

    **Response**: Deny.

10. **Allegation**: Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

    **Response**: Deny.

11. **Allegation**: To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 6, 2025, at the latest. Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

    **Response**: Deny.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot compel production of records exempt from disclosure under the FOIA, 5 U.S.C. § 552(b).

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks records and information comprising third-party tax return information, Plaintiff has failed to state a claim upon which relief can be granted, because such records and information are categorically exempt from disclosure under FOIA exemption 3, 5 U.S.C. § 552(b)(3), in conjunction with 26 U.S.C. § 6103.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff is neither eligible for, nor entitled to, an award of attorneys' fees and costs and expenses incurred by Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

The Service is entitled to additional time to complete its review of the records under the FOIA, 5 U.S.C. § 552(a)(6)(C), including by a stay of this case.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to any relief beyond what the FOIA provides.

//

//

Dated: June 6, 2025                             Respectfully submitted,

<div style="margin-left: 40%;">

*/s/ Robert J. Atras*
ROBERT J. ATRAS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 598-3738
Fax: (202) 514-6866
Robert.J.Atras@usdoj.gov
*Counsel to Defendant Internal Revenue Service*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties registered in that system, including the following:

**Ramona Raula Cotca**
Rcotca@judicialwatch.org
*Attorney for Plaintiff*

                                            */s/ Robert J. Atras*
                                            Robert J. Atras
                                            Trial Attorney
                                            U.S. Department of Justice