IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Civil Action No. 1:25-cv-01290-JEB |
| v. ) | Chief Judge James E. Boasberg |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| *Defendant*. ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's June 20, 2025 Minute Order, Plaintiff Judicial Watch, Inc. and Defendant the Internal Revenue Service respectfully submit as follows:

1. At issue in this Freedom of Information Act ("***FOIA***") suit is Plaintiff Judicial Watch, Inc.'s FOIA request to Defendant the Internal Revenue Service ("***Service***"). (ECF No. 1.)

2. Plaintiff's FOIA request is divided into two parts, seeking:

   1. All emails sent or received by former Commissioner Daniel Werfel, Acting Commissioner Douglas O'Donnell, Chief Tax Compliance Officer Heather Maloy, Taxpayer Services Chief Ken Corbin, Large Business & International Division Commissioner Holly Paz, or Return Integrity and Compliance Services Director James Clifford containing any of the following terms:

      "Trump"
      "Pardon," "Pardons," or "Pardoned"
      "Commutation" or "Commuted"
      "January 6" or "1/6"

      Excluding any such emails that consist entirely of media reports or summaries.

   2. All emails or other records of communication sent or received by any of the senior officials identified in part one of this request regarding the actual or proposed examination or audit of any return or other tax filing submitted by, or on behalf of, any of the individuals pardoned, or whose sentences were commuted, by the Presidential proclaimed "Granting Pardons and Commutation of Sentences for Certain Offences Relating to the Events at or Near the United States Capitol on January 6, 2021."

(https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-captiol-on-january-6-2021/)

The time frame for this request is December 1, 2024 to the present. (*Id.*)

3. The Service's search for records potentially responsive to Plaintiff's FOIA request is currently ongoing but not yet complete.

4. As to Part 1 of Plaintiff's FOIA request, the Service has completed its search for responsive records as to three of the six identified records custodians. Searches as to two of those custodians located no responsive records. The search as to the third custodian located sixteen pages of records responsive to Plaintiff's FOIA request.

5. On August 18, 2025, the Service released the sixteen pages of records identified above to Plaintiff. All sixteen pages were released in full. These pages constitute all responsive records located as to that custodian for Part 1 of Plaintiff's FOIA request.

6. Two of the three remaining records custodians have departed from employment with the Service. As to the remaining custodian still employed by the Service, the Service's search for records responsive to Part 1 of Plaintiff's FOIA request is in process but not yet complete. For the two remaining records custodians who have departed the Service, the Service has identified points-of-contact with the ability to conduct the requested search and is in the process of coordinating such searches.

7. Because of the above-described circumstances, the Service is unable to predict an exact date by which the three remaining searches will be complete. For this same reason, the Service is also unable to estimate the total volume of potentially responsive records that remain outstanding, if any.

8. The Service will produce any non-exempt, responsive records located by the three remaining searches on a rolling basis.

9. The Service contends that Part 2 of Plaintiff's FOIA request facially seeks confidential return information[1] of third-party taxpayers that the Service is barred from disclosing pursuant to 26 U.S.C. 6103, which is incorporated into the FOIA by Exemption 3. It is the Service's position that the agency is not required to conduct a search for records categorically exempt from disclosure. However, to the extent that records responsive to Part 2 of Plaintiff's FOIA exist and are located through the Service's search as to Part 1— and such records, if any, do not constitute confidential return information and are not otherwise exempt from disclosure—the IRS does not intend to withhold them based on its objection to Part 2. No such records were located for the searches that have already been completed. The parties plan to confer to discuss the scope of Part 2 of Plaintiff's request and the Service's contention that any responsive records would be categorically barred from disclosure.

10. Plaintiff disputes Defendant's contention that Part 2 of Plaintiff's FOIA request seeks information that is protected pursuant to 26 U.S.C. 6103. In previous conversations between the parties' attorneys, Plaintiff's attorney represented that Plaintiff does not seek private taxpayer information from Defendant. Defendant has an obligation to search for

---

[1] Defendant contends that the statute prohibits disclosure of "return information" which is defined to include: "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, **whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing**, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) or any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense[.]" 26 U.S.C. 6103(b)(2)(A) (emphasis added).

records that are responsive to both Parts 1 and 2 of Plaintiff's FOIA request, and disclose, non-exempt, information responsive to the entirety of Plaintiff's FOIA request.

11. The parties agree that setting a briefing schedule would be premature at this time because Defendant's search is ongoing as to Part 1 of the FOIA request. However, if the parties cannot reach an agreement as to search for the second subpart of Plaintiff's FOIA request, the parties expect that the parties will ultimately brief this issue on summary judgment.

12. Therefore, the parties respectfully request that the Court enter an order requiring the parties to submit a Joint Status Report updating the Court as to the status of Plaintiff's FOIA request within the next sixty days.

**WHEREFORE**, the parties respectfully request to file a Joint Status Report within the next sixty days, by October 20, 2025.

Dated: August 19, 2025                                           Respectfully submitted,

*/s/Ramona R. Cotca*                                              */s/ Robert J. Atras*
Ramona R. Cotca                                                   ROBERT J. ATRAS
D.C. Bar No. 501159                                               Trial Attorney, U.S. Department of Justice
JUDICIAL WATCH, INC.                                              P.O. Box 227
425 Third Street SW, Suite 800                                    Ben Franklin Station
Washington, D.C. 20024                                            Washington, D.C. 20044
Tel: (202) 646-5172                                               Tel: (202) 598-3738
Fax: (202) 646-5199                                               Fax: (202) 514-6866
Email: rcotca@judicialwatch.org                                   Robert.J.Atras@usdoj.gov

*Counsel to Judicial Watch, Inc.*                                 *Counsel to Internal Revenue Service*